IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DONAVAN E. DANIEL,

    Petitioner,

v.                                                 No. 1:18-cv-1187-JDB-jay

JONATHAN LEBO,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY DOCKET
AND
RESPONDENT TO RESPOND TO PETITION

In September 2018, the Sixth Circuit Court of Appeals authorized Petitioner, Donavan E. Daniel, to file a second or successive petition under 28 U.S.C. § 2254. (*See* Docket Entry ("D.E.") 1 at PageID 4.) The authorization is limited to the assertion of a claim under *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). In its order authorizing Daniel to file a second or successive petition, the Sixth Circuit held that the State's arguments that the claim is unexhausted and untimely were properly a matter for resolution by the district court. (D.E. 1 at PageID 4.) On September 25, 2018, Petitioner submitted a second or successive § 2254 petition (the "Petition") with this Court. (D.E. 2.) On preliminary review of the Petition, the Court ordered the inmate to file an amended petition using the Court's official § 2254 form. (D.E. 10.) Donovan filed his amended petition (the "Amended Petition") on February 4, 2019.[1] (D.E. 15.)

It is ORDERED, pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules"), that Respondent file a response to the Amended

---

[1] The Clerk is DIRECTED to substitute Jonathan Lebo for Tony Mays as Respondent. *See* Fed. R. Civ. P. 25(d).

Petition within twenty-eight (28) days. Respondent is advised to read the following paragraph carefully because many of the requirements for his response are new.

For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument. The response shall include the complete state-court record, as defined in Administrative Order 16-31. The record shall be organized and appropriately indexed in the manner specified in Administrative Order 16-31. Each docket entry in CM-ECF shall have a label corresponding to the index.

It is further ORDERED that the Clerk send a copy of the Amended Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

IT IS SO ORDERED this 29th day of March, 2019.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE