IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DONAVAN E. DANIEL,

    Petitioner,

v.                                                                   No. 1:18-cv-01187-JDB-jay

SHAWN PHILLIPS,

    Respondent.

ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
DISMISSING AMENDED PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Donavan E. Daniel, has filed a pro se amended second or successive[1] habeas corpus petition (the "Amended Petition"), pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 15.) For the following reasons, the Amended Petition is DISMISSED.

BACKGROUND

In February 2000, a Weakly County, Tennessee, jury convicted Daniel of two counts of premeditated murder, two counts of felony murder, one count of especially aggravated robbery, and one count of possession of marijuana with intent to sell or deliver. (D.E. 24-1 at PageID 226-31.) The convictions stemmed from an incident in which Petitioner, who was seventeen years old at the time, fatally shot Clarence Jones and Tamakia Thomas, and stole Jones' ring, watch, marijuana, and cash. *State v. Daniel*, No. W2000-00981-CCA-R3CD, 2001 WL 1690196, at *1-5 (Tenn. Crim. App. Dec. 28, 2001), *perm. app. denied* (Tenn. June 3, 2002). "The trial court sentenced Daniel to a life sentence on the merged counts of premeditated murder, life in prison

---

[1] *See* 28 U.S.C. § 2244(b).

without the possibility of parole on the merged counts of felony murder, twenty years imprisonment for the especially aggravated robbery conviction and one year imprisonment for the possession of marijuana with intent to resell, all to be served concurrently." *Daniel v. Parker*, No. 05-2273-JPM/dkv, 2008 WL 3834043, at * 1 (W.D. Tenn. Aug. 13, 2008). The Tennessee Court of Criminal Appeals affirmed, and the Tennessee Supreme Court denied discretionary review. *See Daniel*, 2001 WL 1690196, at *1.

Daniel subsequently filed a state post-conviction petition, which was denied. (D.E. 24-17 at PageID 1324-32, 1358-61.) The post-conviction court's decision was affirmed on appeal and the Tennessee Supreme Court denied discretionary review. *Daniel v. State*, No. W2003-02511-CCA-R3PC, 2004 WL 2159004, at *1 (Tenn. Crim. App. Sept. 27, 2004), *perm. app. denied* (Tenn. Jan. 24, 2005).

In 2005, Daniel filed his first 28 U.S.C. § 2254 petition in the Western District of Tennessee. *Daniel*, 2008 WL 3834043, at * 1. United States District Judge Jon Phipps McCalla denied relief in a written order. *See id.* at *16.

## DISCUSSION

In April 2018, Petitioner filed an application under 28 U.S.C. § 2244 seeking authorization from the Sixth Circuit Court of Appeals to file a second or successive § 2254 petition. (*In re Donavan E. Daniel*, No. 18-5441, D.E. 1-2 (6th Cir.).) He presented three claims: "1) his sentence violate[d] the Eighth Amendment because he was sentenced to life without the possibility of parole for crimes committed before his eighteenth birthday; 2) the trial court infringed his Eighth Amendment rights by not instructing the jury to weigh mitigating factors during sentencing; and 3) he was denied effective assistance of trial counsel when his attorney conceded guilt in the

2

opening statement and failed to object to prejudicial comments made by a prospective juror during voir dire." (*Id.*, D.E. 7-1 at 2.) The State opposed authorization. (*Id.*, D.E. 5.) The Sixth Circuit granted the application as to Claim 1, and regarded Claim 2 as an aspect of Claim 1:

> In *Miller* [*v. Alabama*, 567 U.S. 460 (2012)], the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. *Miller* effectively requires a sentencing court "to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480. In *Montgomery* [*v. Louisiana*, 136 S. Ct. 718 (2016)], the Supreme Court held that *Miller* created a new substantive rule of constitutional law that is retroactively applicable to cases on collateral review. 136 S. Ct. at 736.
>
> When Daniel filed his original § 2254 petition in 2005, neither *Miller* nor *Montgomery* was available. It is unclear from the record whether Daniel was sentenced under a mandatory framework as outlined in *Miller*. Portions of the record could suggest that the trial judge refused to allow the jury to consider mitigating factors, such as the defendant's age, when finding the aggravating factors that led Daniel to receive life without parole for his felony murder conviction. As a result, Daniel has alleged enough facts to "warrant a further exploration in the district court." *In re Lott*, 366 F.3d 431, 432-33 (6th Cir. 2004) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

(*Id.*, D.E. 7-1 at 3.)

On September 25, 2018, the second or successive § 2254 petition was filed as the initial pleading in the present matter. (D.E. 2.) On preliminary review, the Court ordered the inmate to refile his claim on the district's official form. (D.E. 10.) He was also directed to "answer all questions on the form, including Question 12(b), which requires an explanation for any failure to exhaust state remedies, and Question 18, which asks for reasons, if any, why the statute of limitations should not bar relief." (*Id.* at PageID 120.) In compliance with the order, the inmate filed the Amended Petition on February 4, 2019. (D.E. 15.) He asserts that his sentence is unconstitutional under *Miller*, arguing in part, as he did before the Sixth Circuit, that his "8th

3

Amen. Rights [were] violated when [the] trial judge didn't instruct [the] jury to weigh mitigating factors at sentencing." (*Id.* at PageID 134.) Respondent, Shawn Phillips,[2] filed an answer to the Petition, arguing that the authorized claim is untimely, procedurally defaulted, and without merit. (D.E. 25.) Petitioner filed a reply, insisting that he is entitled to relief. (D.E. 28.)

Upon review of the parties' arguments and the state-court record, the Court determines that federal habeas review is barred on the grounds advanced by Respondent in his affirmative defenses. The Court does not reach the merits of the claim.

I. Legal Standards

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2254. Under § 2254, habeas relief is available only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Before a federal court will review the merits of a claim brought under § 2254, the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To be properly exhausted, a claim must be "fairly presented" through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

The exhaustion requirement works in tandem with the procedural-default rule, which generally bars federal habeas review of claims that were procedurally defaulted in the state courts.

---

[2] The Clerk is DIRECTED to modify the docket to reflect Shawn Phillips as Respondent, *see Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and Petitioner's address as Bledsoe County Correctional Complex, Pikeville, TN.

*Id.* at 848. A petitioner procedurally defaults his claim where he fails to properly exhaust available remedies (that is, fails to fairly present the claim through one complete round of the state's appellate review process), and he can no longer exhaust because a state procedural rule or set of rules have closed-off any "remaining state court avenue" for review of the claim on the merits. *Harris v. Booker*, 251 F. App'x 319, 322 (6th Cir. 2007). Procedural default also occurs where the state court "actually . . . relied on [a state] procedural bar as an independent basis for its disposition of the case." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). To cause a procedural default, the state court's ruling must "rest[] on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citing *Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935); *Klinger v. Missouri*, 80 U.S. 257, 263 (1871)).

A petitioner will be entitled to federal court review of the merits of a claim that was procedurally defaulted if he demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Id.* at 750. The ineffectiveness of post-conviction trial counsel may be cause to excuse the default of an ineffective-assistance-of-trial-counsel claim. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (citing *Martinez v. Ryan*, 566 U.S. 1, 14, 16-17 (2012)).

A petitioner may also overcome his procedural defaults by establishing a "gateway" claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). To open the gateway, a prisoner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Id.* at 324. He must also show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 327.

5

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitations period is statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of ... new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence,

6

trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and "only be applied in the extraordinary case." *Id.* at 321 (internal quotation marks omitted).

II.   Timeliness

As indicated supra, the Supreme Court in *Miller* held that the Eighth Amendment prohibits "mandatory life-without-parole sentences for juveniles," *Miller*, 567 U.S. at 470, and it declared in *Montgomery* that the right applies retroactively to cases on collateral review, *Montgomery*, 577 U.S. at 212. The inmate in the present case asserts that his life-without-parole sentence is unconstitutional pursuant to *Miller*.

The parties do not dispute that the limitations period for Petitioner's sole claim is governed by 28 U.S.C. § 2244(d)(1)(C). As discussed above, that provision provides that the one-year period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2244(d)(1)(C). The Supreme Court recognized the right on which Petitioner's claim is premised on June 25, 2012, when it issued its decision in *Miller*. *See Miller*, 567 U.S. at 460. Although the Court did not announce the right's retroactivity until it decided *Montgomery* on January 25, 2016, *see Montgomery*, 577 U.S. at 190, *Miller*'s issuance date is the triggering event for purposes of § 2244(d)(1)(C). *Cf. Dodd v. United States*, 545 U.S. 353, 357 (2005) (statute of limitations for claims based on newly recognized rights brought in 28 U.S.C. § 2255 petitions starts on the date the Supreme Court initially recognized the right, not the day it declared the right retroactively applicable); *see also Bryant v. Parker*, No.

7

2:17-CV-00097-JRG-CRW, 2020 WL 61092, at *3 n.4 (E.D. Tenn. Jan. 6, 2020) (applying *Dodd* to § 2244(d)(1)(C)).

Therefore, the limitations period for *Miller* claims started running on June 25, 2012, and it expired one year later on June 25, 2013. *See Bryant*, 2020 WL 61092, at *3. ("*Miller* was decided on June 25, 2012; thus, any § 2254 *Miller* claim would have had to have been filed in this Court by June 25, 2013, absent statutory tolling.") Daniel did not place his application for permission to file a second or successive petition in the prison mailing system[3] until April 27, 2018. (*See In re: Donavan E. Daniel*, No. 18-5441, D.E. 1-2 at 6 (6th Cir.).) His *Miller* claim is therefore untimely by nearly five years.[4]

Petitioner does not assert a gateway claim of actual innocence to overcome the late filing. He does insist, however, that he is entitled to equitable tolling because "he was thrust into an adult system as a teen" and "has fought hard to comprehend the laws which govern our court system." (ECF No. 15-1 at PageID 146.) The Court liberally construes the allegation as Petitioner's contention that his youth and lack of legal training prevented him from understanding his legal rights and navigating the legal system.

The argument is without merit for several reasons. First, it is well-established that a petitioner's "*pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing." *Keeling v. Warden, Lebanon Corr. Inst.*,

---

[3] *See Goins v. Sanders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006) (per curiam) (citing *Houston v. Lack*, 487 U.S. 266, 274 (1988)) (prison mailbox rule applies to federal habeas petitions).

[4] Even if *Montgomery* triggered the commencement of the limitations period in January 2016, the claim would still be late by more than one year.

8

673 F.3d 452, 464 (6th Cir. 2012). Second, even if those factors could, in theory, constitute an extraordinary circumstance when combined with a prisoner's young age, the record belies Daniel's assertion that they caused his late filing. Specifically, although he was a juvenile at the time of his crimes in 1999, his youth and lack of legal training did not prevent him from preparing and filing a timely first § 2254 petition in 2005 at the age of twenty-three.[5] By the time *Miller* was decided in 2012, he was thirty-one years old. Petitioner does not offer any reason why he could manage the legal landscape at twenty-three but not at thirty-one. Finally, although he alleges generally that he has "fought hard" to understand his legal rights, he presents no specific factual allegations about his efforts. The record therefore does not support a finding that he exercised reasonable diligence in pursuing his federal habeas rights.

Because equitable tolling does not apply in the present case, Petitioner's sole claim is subject to dismissal as having been filed well beyond the limitations period. *See e.g., Bryant*, 2020 WL 61092, at *3 (equitable tolling not warranted to excuse petitioner's untimely filing of *Miller* claim set forth in authorized second or successive § 2254 petition).

III.   Procedural Default

Respondent also argues that the claim is not properly before the Court because Petitioner procedurally defaulted it and has not established any reason to excuse the default. Daniel does not dispute that he has never presented a *Miller* claim to the state courts. He insists, however, that he "did not exhaust [his] state remedies on" the claim because the "Supreme Court had not yet filed

---

[5] The Tennessee Felony Offender website reports Petitioner's date of birth as "6/08/1981." *See* https://apps.tn.gov/foil-app/results.jsp (last accessed April 30, 2021). The record in the inmate's first § 2254 proceeding shows that he filed the petition in that case in April 2005. (*See Daniel v. Mills*, No. 2:05-cv-02273-JPM-dkv, D.E. 1 (W.D. Tenn.).)

9

or made retroactive this issue." (D.E. 15 at PageID 133; *see also* D.E. 28 at PageID 1683 ("The law that this petition is based upon was not ruled on or made retroactive at the time of petitioner['s] first habeas corpus in federal court and therefore impossible to have been raised in any of petitioner's state court proceedings.").) The Court liberally construes the explanation as Petitioner's attempt to establish cause and prejudice to excuse the procedural default.

The effort is unavailing. Daniel has simply made the obvious observation that he did not raise a *Miller* claim in his direct appeal, post-conviction appeal, or first § 2254 petition because those proceedings all predated *Miller*. But he has not explained why he did not return to the state courts after *Miller* was decided. He therefore has not established cause and prejudice to excuse the procedural default. He also has not asserted a gateway claim of actual innocence to overcome the default. The Amended Petition's sole claim is therefore subject to dismissal on the additional ground that it is procedurally defaulted.

For these reasons, the Amended Petition is DISMISSED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[6]

IT IS SO ORDERED this 5th day of May 2021.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.